## AT CHAMBERS—NEW YORK CIRCUIT.

### FEBRUARY 24, 1845

### Before EDMONDS, Circuit Judge.

### HAYES v. JONES.

The plaintiff, having been induced to sell goods to the defendant, by the fraudulent representations of the latter, may disaffirm the contract, and hold the defendant to bail in trover.

The fraud being clearly established, an order to show cause of action was therefore discharged.

A defendant, having obtained possession of goods by fraud, under color of a contract of sale, was well sued in trover and held to bail, and, the fraud being admitted, an order to show cause of action was therefore discharged.

THE defendant having been arrested in trover, obtained an order to show cause of action, on an affidavit that the only transaction he ever had with the plaintiff was the purchase of bills of goods on the 12th of September, 1844.

*M. Y. Harrington* showed cause, and read affidavits setting forth that defendant had bought goods of plaintiff, repre-

senting himself to be a merchant at Buffalo, in good business, and that he was a man of means; and that before the time of credit on the purchases had expired, he had forced the goods to a sale at auction, had suspended business, had no visible means of paying his debts, and refused to pay for the goods. On this state of things the plaintiff claimed the right to disaffirm the contract of sale, and had issued his writ in trover and held the defendant to bail.

*N. B. Blunt,* for defendant, admitted the fraud charged, but insisted that the plaintiff's causes of action were on contract alone, on which defendant could not be arrested, and he cited *Brown* v. *Treat & Carter,* 1 Hill. He moved that the defendant be discharged from the arrest.

*The Circuit Judge:* In September last the defendant, who resided at Buffalo, purchased of the plaintiff, in New York, sundry bills of goods on time, upon representations that he was solvent. When the bills became due it was found that he was utterly bankrupt, and it is alleged that his purchases were a fraud upon the plaintiff, and that fact is, by the affidavits and the admissions of the defendant, clearly made out. Under these circumstances the plaintiff disaffirmed the contract of sale, and brought suits against him in trover, held him to bail, and he was arrested by the sheriff of New York, from whose custody he now seeks to be discharged.

The fraud entirely vitiates the contract of sale, and the defendant, having wrongfully obtained possession of the property of the plaintiff, and having refused to return it, or to make compensation for it, he was guilty of a wrong, for which he might be held to bail. The claim of the plaintiff is in no respect founded upon the contract, but upon the fraud, by means of which the defendant obtained the plaintiff's goods, and in that respect is materially different from the case of *Brown* v. *Treat & Carter,* in 1 Hill. In that case the form of the count only was changed, the nature of the contract remaining the same. But in this case the whole matter is

changed from a contract to a fraud, not in form only, but in fact.

The order to show cause of action is therefore discharged.

[On an appeal to the Supreme Court this ruling was afterward affirmed.]